UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SHERMAN L. THOMAS,

    Plaintiff,

v.                                                    Case No. 4:23-cv-393-AW/MJF

FRANK MASON REID, III, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    In this section 1983 action, Plaintiff alleges that three men affiliated with the St. Paul African Methodist Episcopal Church violated the First Amendment when they issued a "No Trespass" document that barred Plaintiff from entering the church for ninety days. Doc. 1. After Defendants failed to answer Plaintiff's complaint, the clerk of the court entered a default. Doc. 19. Plaintiff moves for a default judgment. Doc. 16. Because Plaintiff has failed to state a plausible claim for relief, the District Court should deny Plaintiff's motion and dismiss this action.

## I. Background

Plaintiff, proceeding *pro se*, alleges that on February 13, 2023, the Apalachicola Police Department served Plaintiff with a "Trespass Agreement." Doc. 1 at 5. Plaintiff attached the Trespass Agreement to his complaint. Doc. 1-1. The Trespass Agreement was issued by Pastor Gary Bernard Reed of the St. Paul African Methodist Episcopal Church in Apalachicola, Florida. The Trespass Agreement purported to bar Plaintiff from entering the church for ninety days. Doc. 1-1 at 1.

Plaintiff alleges that Defendants issued the Trespass Agreement because Plaintiff wrote letters to Bishop Frank Mason Reid, III and Presiding Elder Tan Clarence Moss. Doc. 1 at 6. In those letters, Plaintiff expressed his concerns regarding the operation of the St. Paul AME church. Doc. 1-1 at 3, 9. Plaintiff contends that the Trespass Agreement "violated/abridged" Plaintiff's "First Amendment Rights to freedom of religion, assembly and free speech . . . ." Doc. 1 at 5.

On September 5, 2023, pursuant to 42 U.S.C. § 1983, Plaintiff filed this civil action against three Defendants: (1) Bishop Frank Mason Reid, III; (2) Presiding Elder Tan Clarence Moss; and (3) Pastor Gary Bernard

Reed. Doc. 1 at 2–4. Plaintiff asserts that he is suing the Defendants in their official capacities.

On December 14, 2023, the undersigned ordered Plaintiff to serve his complaint. Doc. 6. On April 17, 2024, Plaintiff returned executed summonses as to Defendants. Doc. 10. On March 27, 2024, Plaintiff served Moss. Doc 10-1 at 1. On April 5, 2024, Plaintiff served Reid. Doc. 10 at 1. On April 9, 2024, Plaintiff served Reed. Doc. 10-2 at 1.

Defendants were required to file a responsive pleading to the complaint on or before the following dates:

- April 17, 2024 (Moss);
- April 26, 2024 (Reid); and
- April 30, 2024 (Reed).

Defendants failed to respond to Plaintiff's complaint, however. Furthermore, no attorney has filed a notice of appearance on behalf of any Defendant.

On May 6, 2024, Plaintiff filed a "Motion to Enter Judgment by Default Against Defendants." Doc. 13. On May 17, 2024, the undersigned denied Plaintiff's motion and advised Plaintiff that he must first move for an entry of default under Rule 55(a). Doc. 15.

On May 24, 2024, Plaintiff filed the instant "Motion for Final Default Judgment against Defendants." Doc. 16. On May 28, 2024, pursuant to the undersigned's order of May 17, 2024, Plaintiff moved the court "For Entry of Default," Doc. 18. On May 29, 2024, the clerk of the court granted Plaintiff's motion and entered default against Defendants. Doc. 19.

## II. DISCUSSION

### A. <u>Default Judgments</u>

The process of obtaining a default judgment under Rule 55 of the Federal Rules of Civil Procedure entails two steps. *Murphy v. Stacy*, 809 F. App'x 677, 680 (11th Cir. 2020) (citing Fed. R. Civ. P. 55); *accord VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016); *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). First, a party seeking a default judgment must file an application for entry of default with the clerk of the relevant district court. Fed. R. Civ. P. 55(a); *Murphy*, 809 F. App'x at 680. Second, once a clerk has entered a default, the moving party may seek default judgment. Fed. R. Civ. P. 55(b)(2); *Murphy*, 809 F. App'x at 681.

A defendant's default is not sufficient in itself to warrant entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Before a court may enter a default judgment it must ensure that the plaintiff's underlying claims are plausible. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015); *see Marshall v. Baggett*, 616 F.3d 849, 852–53 (8th Cir. 2010); *Nishimatsu Constr. Co.*, 515 F.2d at 1206.

The standard for a "default judgment is like a reverse motion to dismiss for failure to state a claim." *Surtain*, 789 F.3d at 1245. A plaintiff's well-pleaded factual allegations, which a defaulting defendant is deemed to have admitted, must state a plausible claim for relief. *Id.*; *see Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1277 (11th Cir. 2005). When addressing a motion for a default judgment, a federal court must determine whether the plaintiff's complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). If the court determines that a plaintiff has not stated a plausible claim for relief, the

court cannot grant the default judgment and instead must dismiss the claim. *See Surtain*, 789 F.3d at 1248–49; *Cotton*, 402 F.3d at 1294.

**B.** **Plaintiff Fails to State a Claim Under 42 U.S.C. § 1983**

Plaintiff purports to bring a claim under 42 U.S.C. § 1983 against Defendants for violating his rights under the First Amendment. Doc. 1 at 5. Thus, to obtain a default judgment under Rule 55, Plaintiff must state a plausible claim for relief under 42 U.S.C. § 1983. *Surtain*, 789 F.3d at 1245. To state a claim under section 1983, Plaintiff must allege facts sufficient to meet two essential elements: "that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992).

Here, Plaintiff has failed to state a plausible claim because he failed to allege that Defendants—who apparently are not public officials or employees—acted under the color of state law. "The Supreme Court has defined 'acting under color of law' as acting with power possessed by virtue of the defendant's employment with the *state*." *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1522 (11th Cir. 1995) (emphasis added).

Generally, private parties are not liable under section 1983 because "the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)).

"Only in rare circumstances" can a party "be viewed as a 'state actor' for section 1983 purposes." *Harvey*, 949 F.2d at 1130. There are only three situations where private entities can be considered state actors:

> (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise ("nexus/joint action test").

*Charles v. Johnson*, 18 F.4th 686, 694 (11th Cir. 2021).

Plaintiff's allegations do not indicate that Defendants were acting under color of state law when they issued the Trespass Agreement. Plaintiff has not alleged that the state coerced or significantly encouraged the Defendants' action. Furthermore, Plaintiff has not

alleged that Defendants performed a public function. *See generally Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 925–26 (9th Cir. 2011). Finally, Plaintiff also does not allege that Defendants were joint participants with state actors or conspired with state actors. Plaintiff fails to allege any facts which would suggest that Defendants acted "under color of state law" in any respect.

Because Plaintiff failed to allege at least one essential element, he has not stated a plausible claim to relief.

### III. CONCLUSION

Because Plaintiff has failed to state a claim upon which relief can be granted, the undersigned respectfully **RECOMMENDS** that the District Court:

1.   **DENY** Plaintiff's "Motion for Final Default Judgment against Defendants," Doc. 16.

2.   **DISMISS** this action without prejudice and terminate any pending motions.

3.   **DIRECT** the clerk of court to close the case file.

At Pensacola, Florida, this 1st day of July 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**