IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**SHERMAN L. THOMAS,**

    **Plaintiff,**

**v.**                                                      Case No. 4:23-cv-393-AW-MJF

**FRANK MASON REID, III,** *et al.***,**

    **Defendants.**

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the court is the magistrate judge's July 1, 2024 report and recommendation. ECF No. 21. Plaintiff has submitted objections (ECF No. 22), and I have considered the matter de novo. I now adopt the report and recommendation and incorporate it into this order.

Defendants were served and did not respond to the complaint. Plaintiff secured a clerk's default and moved for default judgment. The problem is that Plaintiff has not alleged any plausible claim, so no default judgment can issue. *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (noting that a "default judgment is like a reverse motion to dismiss for failure to state a claim"). As the magistrate judge explained, Plaintiff presents a § 1983 claim but has not alleged facts showing that Defendants acted under color of state law. In the objections, Plaintiff insists there was a plausible claim, but Plaintiff never shows any

1

indication that any Defendant acted under color of state law. Thus, no amendment could cure the deficiency. Dismissal is appropriate.

The clerk will enter judgment that says, "Plaintiff's claims are dismissed on the merits for failure to state a claim." The clerk will then close the file.

SO ORDERED on July 19, 2024.

                                                s/ *Allen Winsor*
                                                United States District Judge